60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kenneth D. HOOK, Plaintiff-Appellee,
v.
Dail M. HENDERSON, individually, and d/b/a Avoue
Incorporated, and Dail Marvette Henderson, Trustee
of the Henderson Family Trust dated June
8, 1979, Defendant-Appellant.
 No. 94-35075.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1995.
Decided July 7, 1995.
 
 Before: TANG, CANBY and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth D. Hook brought this action in Oregon state court against his former spouse Dail M. Henderson for fraud and conversion. Henderson removed the action to federal district court on the ground of diversity of citizenship. Hook's amended complaint alleges that Henderson agreed to transfer to him her interest in a Freightliner truck in return for his interest in a piece of Oregon real property. After Hook conveyed his interest in the real property to Henderson, the complaint alleges, Henderson sold the truck. The jury found in favor of Hook on the conversion claim and awarded him $11,500 in compensatory damages and $15,000 in punitive damages. Henderson appeals the judgment, arguing that an earlier California dissolution action should have been given preclusive effect in the underlying tort suit, and that the district court erred by exercising jurisdiction. We affirm.
 
 ANALYSIS
 
 3
 I. The Collateral effect of the California Dissolution Action
 
 
 4
 Henderson argues that the district court erred by failing to give the earlier California dissolution action of her marriage to Hook preclusive effect, either in the form of res judicata (claim preclusion) or collateral estoppel (issue preclusion). The record does not support her argument. Contrary to Henderson's repeated assertions, the California dissolution decision did not purport to adjudicate any property issues. The California Court of Appeals noted that "instead of requesting confirmation of any particular assets as her separate property, [Henderson] declared, 'The full nature and extent of the community, quasi-community and/or separate property of the parties is unknown at this time and will be pleaded when ascertained.' " Henderson did not so supplement her pleading, however; instead she filed a request to enter a default judgment and "checked boxes stating there is no agreement concerning property and there are no community or quasi-community assets to be disposed of by the court." The California court's statement that there was no community property in issue does not constitute an implicit holding that the truck was Henderson's separate property.
 
 
 5
 Henderson later attempted to set aside the judgment and filed an order to show cause for determination of her property rights. The California court, however, denied both motions and did not make any determination with respect to the truck in issue in the present case. The California courts thus did not decide the ownership of the truck and there are no inconsistencies between the California judgment and the district court's judgment. The district court did not err by failing to give any preclusive effect to the California judgment.
 
 
 6
 II. The District Court's Exercise of Jurisdiction
 
 
 7
 Henderson contends that the district court erred in exercising jurisdiction. First, she asserts that the district court should have abstained from exercising jurisdiction because the property in issue was subject to the California proceeding. As we have already pointed out, however, the California court never exercised or purported to exercise jurisdiction over the parties' property.
 
 
 8
 Second, Henderson argues that the district court should have dismissed the suit pursuant to the "domestic relations exception." This argument fares no better. "The domestic relations exception [to diversity jurisdiction] requires district courts to decline cases involving pure determinations of domestic status: marriage, divorce, annulment, and paternity. It also allows courts to abstain from cases where status determinations are involved tangentially." Steel v. United States, 813 F.2d 1545, 1552 (9th Cir.1987) (citation omitted). Here, the underlying action did not involve a "pure determination of domestic status." The action was an ordinary tort/fraud suit. Although there was testimony about Henderson's and Hook's marital status, the primary issues involved questions of property and contract. If domestic status was involved at all, the connection was so tangential that the district court clearly did not abuse its discretion in exercising jurisdiction.
 
 III. The Claim of Fraud on the Court
 
 9
 Henderson argues that Hook obtained the judgment below by committing fraud upon the court. According to Henderson, Hook admitted in the California proceeding that the truck and Oregon property were her separate property. Thus according to Henderson, Hook took inconsistent positions in the two proceedings in order to perpetrate a fraud on the district court.
 
 
 10
 This argument is wholly without merit. The California decision indicates that Hook represented to the California court that the truck was his separate property. He disclosed his Oregon complaint to the California court. There was no inconsistency and no fraud. Similarly, the district court in Oregon knew precisely what had occurred in the California court; no fraud was perpetrated on the district court.
 
 CONCLUSION
 
 11
 Henderson's other miscellaneous contentions of error are without merit. Henderson's request for sanctions is denied. The judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3